```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

DAVID MURPHY,                  )
                               )
          Plaintiff,           )
                               )
   v.                          )    No.  11 C 7995
                               )
HOME DEPOT U.S.A., INC.,       )
                               )
          Defendant.           )
```

MEMORANDUM ORDER

Home Depot U.S.A., Inc. ("Home Depot") has timely removed this action by its ex-employee David Murphy ("Murphy") from its place of origin in the Circuit Court of Cook County to this District Court, invoking diversity of citizenship as the predicate for federal jurisdiction. Although the Notice of Removal ("Notice") ultimately turns out to be appropriate, one odd aspect of it calls for brief comment.

As Notice ¶3.c correctly refers to Murphy's ad damnum claim as simply reading "in excess of $50,000," the need to raise that to the over-$75,000 amount in controversy for diversity jurisdictional purposes calls into play the familiar principle that a defendant's good faith belief suffices for that purpose. In this instance Complaint Count I advances a cause of action for intentional infliction of emotional distress, and if that were the only gravamen underlying Murphy's lawsuit a serious question could be raised as to the objective bona fides of a purported $75,000-plus amount in controversy in light of the tight

constraints that have been imposed on that theory of recovery by the Illinois Supreme Court and the Appellate Courts below it.

But Murphy has added another string to his bow in the form of the Complaint's Count III allegations of wilful defamation and the grievous consequences alleged to have been suffered by Murphy.[1] Those allegations, including a nonfrivolous claim for punitive damages, suffice to provide a plausible figure above the jurisdictional floor.

Accordingly this Court is contemporaneously issuing its customary initial scheduling order. In the meantime, however, Home Depot's recently filed Answer must be stricken (with leave to replead, of course) because of its failure to conform to the requirements of this District Court's LR 10.1. When Home Depot's counsel return to the drawing board to craft an Amended Answer for filing on or before November 29, 2011, particular attention must be paid to the problems with the purported affirmative defenses ("ADs") that follow the responsive Answer:

>  1. AD 1, which is the equivalent of a Fed. R. Civ. P. ("Rule") 12(b)(6) motion, is at odds with the Rule 8(c) concept that Murphy's allegations must be taken as true for AD purposes (see App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001)). Although

---

[1] There is no Count II in the Complaint, so only Counts I and III require examination.

Count I might perhaps be suspect on that score, Count III survives in those terms. AD 1 is therefore stricken without leave to replead.

    2. That is true as well as to ADs 5, 6 and 7. Again those ADs are stricken without leave to replead.[2]

    3. ADs 2, 3 and 4 insufficiently conform to the principles of notice pleading that are incumbent on defendants as well as plaintiffs in the federal system. If repeated, they must be fleshed out in the new responsive pleading that has been ordered here.

    4. Home Depot's final "Reservation of Rights" paragraph is really meaningless. If, as and when its counsel view additional pleadings as called for by reason of the case's development, it will have to seek leave of court for that purpose--the antithesis of a claimed "right."

                                   */s/ Milton I. Shadur*
                                   Milton I. Shadur
                                   Senior United States District Judge

Date: November 14, 2011

---

[2] Home Depot loses nothing by this ruling, because it has placed matters in issue by its denial of Murphy's allegations in those respects.